1   **WO**

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7                   FOR THE DISTRICT OF ARIZONA

8

9

10  Henry J. Wojtunik,                    )
                                          )
11              Plaintiff,                )   No. CV-03-2161-PHX-PGR
                                          )
12          vs.                           )
                                          )
13  Joseph P. Kealy, et al.,              )
                                          )
14              Defendants.               )
                                          )
15  ─────────────────────────────────────)
    Henry J. Wojtunik,                    )
16                                        )
                Plaintiff,                )   No. CV-07-0515-PHX-SMM
17                                        )
            vs.                           )
18                                        )   ORDER
    Carolina Casualty Insurance Co.,      )
19                                        )
                Defendant.                )
20  ─────────────────────────────────────)

21      Pending before the Court is Plaintiff's Motion to Transfer *Wojtunik v.*

22  *Carolina Casualty Insurance Company*, No. CV-07-00515-SMM, to the Honorable

23  Paul G. Rosenblatt Pursuant to District of Arizona Local Rule 42.1 (doc. #137).

24  Having considered the parties' memoranda, the Court finds that the motion

25  should be denied.

26                                    - 1 -

1    A stipulated judgment in the undersigned Judge's securities fraud action

2  was entered on December 19, 2006.  A garnishment proceeding, commenced on

3  February 15, 2007, was the only portion of the case remaining at the time the

4  motion to transfer was filed.  The garnishment proceeding was initiated by the

5  plaintiff in an attempt to collect on the stipulated judgment by obtaining the

6  insurance benefits owed to the settling defendants under a directors and officers

7  liability policy issued by Carolina Casualty Insurance Company.  In his

8  subsequently filed action against Carolina Casualty, commenced on March 7,

9  2007 and assigned to Judge McNamee, the plaintiff, as the judgment creditor and

10  assignee of the settling defendants' claims against Carolina Casualty and  their

11  excess insurers, seeks a declaration that there is coverage under Carolina

12  Casualty's insurance policy to pay the stipulated judgment, as well as damages

13  for Carolina Casualty's alleged breach of contract and bad faith in handling the

14  settling defendants' insurance claim.

15    The plaintiff seeks the transfer of Judge McNamee's later-filed case to the

16  undersigned Judge under LRCiv 42.1 on the grounds that both cases arise from

17  substantially the same transaction or event, involve the same parties, and call for

18  determination of the same issues of law, and that the transfer will avoid

19  substantial duplication of effort and will promote judicial economy.[1]  Carolina

20  _____

[1]

21      LR 42.1 provides in relevant part:

22  
23      (a)(1)  Whenever two or more cases are pending before different Judges
      and any party believes that such cases (A) arise from substantially the
      same transaction or events; (B) involves substantially the same parties or
24      property; ... (D) calls for determination of substantially the same question
      of law; or (E) for any other reason would entail substantial duplication of
25      labor if heard by different Judges, any party may file a motion to transfer

26                                                            - 2 -

1  Casualty argues, and the Court concurs, that the requested transfer is not

2  warranted.

3      First, while the addition of the insurance coverage issue through the

4  garnishment proceeding has given the two cases some commonality in legal and

5  factual issues, there are significant differences between the two cases given that

6  Judge McNamee's broader case includes the additional substantial issues of

7  Carolina Casualty's alleged breach of contract and bad faith.

8      Second, a transfer would do nothing to promote judicial economy because

9  the undersigned Judge has no more familiarity with the insurance coverage issue

10  at this time than does Judge McNamee.

11      Third, a transfer is not necessary to avoid substantial duplication of labor

12  because the insurance coverage issue that the cases had in common at the time

13  the motion to transfer was filed is no longer relevant to the undersigned Judge's

14  case as the Court, by separate order, is quashing the writ of garnishment wherein

15  the coverage issue was raised.  Therefore,

16      IT IS ORDERED that Plaintiff's Motion to Transfer *Wojtunik v. Carolina*

17  *Casualty Insurance Company*, No. CV-07-00515-SMM, to the Honorable Paul G.

18  /   /   /

19

20      the case or cases involved to a single Judge.
       * * *
21      (a)(4)  In determining the Judge to whom the case or cases will be
22      assigned pursuant to subparagraphs (a)(1) or (a)(2) above, the following
       factors may be considered: (A) whether substantive matters have been
23      considered in a case;
       (B) which Judge has the most familiarity with the issues involved in the
24      case;
       (C) whether a case is reasonably viewed as the lead or principal case; or
25      (D) any other factor serving the interest of judicial economy.

26                                    - 3 -

1    Rosenblatt Pursuant to District of Arizona Local Rule 42.1 (doc. #137) is denied.

2          DATED this 5th day of June, 2007.

3

4

5

          Paul G. Rosenblatt
6          United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                    - 4 -