**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Henry J. Wojtunik,   )<br>                  )<br>         Plaintiff,   )<br>                  )<br>    vs.           )<br>                  )<br>Joseph P. Kealy, et al.,   )<br>                  )<br>         Defendants.   )<br>_____) | No. CV-03-2161-PHX-PGR<br><br><u>ORDER</u> |

Pending before the Court is Carolina Casualty's Motion to Quash Writ of Garnishment (doc. #139).  Having considered the parties' memoranda in light of the relevant record, the Court finds that the motion should be granted.

The plaintiff obtained a stipulated $8 million judgment in his favor in this securities fraud action on December 19, 2006.   The Honorable Frederick Martone entered a judgment on February 9, 2007 in a related action, <u>Kealy v. Carolina Casualty Ins. Co.</u>, CV 05-911-PHX-FJM, that in part declared that the settling defendants in the instant action were covered by a $2.5 million directors and officers liability insurance policy issued by Carolina Casualty Insurance Company and that Carolina Casualty was required to reimburse them for their

- 1 -

attorneys' fees and costs incurred in defending this action; the judgment did not set forth any amount for those fees and costs. The judgment further dismissed with prejudice all other claims in the complaint, including those for breach of contract, bad faith, and for punitive damages. The judgment is currently on appeal before the Ninth Circuit. In an attempt to collect on the judgment in the instant action through the benefits that Judge Martone decreed were owed to the settling defendants under the directors and officers policy, the plaintiff filed an application for a writ of garnishment on February 15, 2007 against Carolina Casualty; the Clerk of the Court issued the writ on February 21, 2007. On April 4, 2007, Carolina Casualty filed an answer to the writ, along with an objection to the writ and a motion to quash the writ.

The validity of the writ of garnishment is governed by Arizona law. Fed.R.Civ.P. 69(a). Under Arizona law, a garnishee is not liable unless at the time the writ of garnishment is served, there is "a clear, ascertainable debt" owed by the garnishee to the judgment debtor that is "not contingent on other events." Reeb v. Interchange Resources, Inc. of Phoenix, 106 Ariz. 458, 478 P.2d 82, 83 (1970). Carolina Casualty argues in part, and the Court concurs, that it did not owe a garnishable debt to the settling defendants at the time the writ was served because the underlying indebtedness established by Judge Martone's judgment was then neither clear and ascertainable nor non-contingent.[1]

First, while Judge Martone's judgment included a declaration that the settling defendants' insurance claim was covered by Carolina Casualty's policy

---

[1] Because the Court finds this issue to be dispositive, it does not reach the various other issues raised by the parties concerning the propriety of the writ of garnishment.

and that Carolina Casualty was therefore indebted to the settling defendants for their attorneys' fees and costs incurred in defending this action, that indebtedness was not clear and ascertainable for garnishment purposes because those amounts were not quantified in the judgment.

Second, any indebtedness arising from Judge Martone's judgment is in any case contingent given that the judgment is currently on appeal. While the Arizona Supreme Court may not have proclaimed that a judgment subject to reversal on appeal is subject to a contingency for garnishment purposes, as the plaintiff's contends, the Arizona Court of Appeals has expressly adopted what it has described as "the general rule throughout the United States" that while a judgment which is being appealed may be final for some purposes, *e.g.,* it may be res judicata as between the parties pending appeal, such a judgment is not final for purpose of creating a debtor-creditor relationship which will support a writ of garnishment. Davidson-Chudacoff/Kol-Pak of Arizona, Inc. v. Pioneer Hotel Co., 129 Ariz. 254, 630 P.2d 550, 553-54 (App. 1981) ("Although no Arizona cases are directly on point, our garnishment law supports the general rule. In Arizona, before a debt can be subject to garnishment, it must at the time the writ was served be existing, ascertainable and not contingent upon other events. Obviously, a judgment subject to reversal on appeal is subject to a contingency.") (Internal citation omitted); *see also*, Amfac Distribution Corp. v. Miller, 138 Ariz. 155, 673 P.2d 795, 797 (App. 1983) (Court noted that the Davidson-Chudacoff/Kol-Pak case "held that a judgment from which an appeal has been taken is not subject to garnishment" because at the time the writ of garnishment was served the obligation to pay "was wholly contingent upon that judgment

/ / /

being affirmed on appeal.")  Therefore,

IT IS ORDERED that Carolina Casualty's Motion to Quash Writ of Garnishment (doc. #139-1) is granted and that the writ of garnishment (doc. #131) issued by the Clerk of the Court on February 21, 2007 against Carolina Casualty Insurance Company is quashed.

IT IS FURTHER ORDERED that Carolina Casualty's Alternative Request for Hearing (doc. #139-2) is denied.

DATED this 5th day of June, 2007.

Paul G. Rosenblatt
United States District Judge