1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9

10   Henry J. Wojtunik                )
                                      )
11                  Plaintiff,        )        No. CV 03-2161-PHX-PGR
                                      )
12          vs.                       )
                                      )
13   Joseph P. Kealy, et al.,         )
                                      )
14                  Defendants,       )              ORDER
                                      )
15          and                       )
                                      )
16   TIG Insurance Company of         )
     Michigan,                        )
17                                    )
                    Garnishee.        )
18   ─────────────────────────────────)

19

20          Among the motions pending before the Court is garnishee TIG Insurance

21   Company's Motion to Quash, or in the Alternative, Stay, Wojtunik's Writ of

22   Garnishment (doc. #161).  Having considered the parties' memoranda in light of

23   the record, the Court finds that the motion should be denied.

24          Pursuant to a <u>Damron</u> agreement entered into between plaintiff Henry

25   Wojtunik and the three remaining defendants ("the settling defendants") in this

26   securities fraud action, the Court entered a stipulated judgment for Wojtunik in the

                                      - 1 -

principal amount of $8 million on December 19, 2006.  The Honorable Frederick

J. Martone entered a judgment on February 9, 2007 in a related action, <u>Kealy v.</u>

<u>Carolina Casualty Insurance Co.</u>, CV 05-911-PHX-FJM, that in part declared that

the settling defendants in the instant action were covered by a primary $2.5

million directors and officers liability insurance policy issued by Carolina Casualty

Insurance Company and that Carolina Casualty was required to reimburse them

for their attorneys' fees and costs incurred in defending this action; the judgment

did not set forth any amount for those fees and costs.  In another related action,

commenced on March 7, 2007, <u>Wojtunik v. Carolina Casualty Insurance Co.</u>, CV-

07-0515-PHX-SMM, Wojtunik, as the judgment creditor and assignee of the

settling defendants' claims against Carolina Casualty and their excess insurers,

sought a declaration that there is coverage under Carolina Casualty's insurance

policy to pay the stipulated $8 million judgment, as well as damages for Carolina

Casualty's alleged breach of contract and bad faith in handling the settling

defendants' insurance claim.  As a result of a settlement agreement, the parties

dismissed this second related action and Carolina Casualty's then pending

appeal of Judge Martone's judgment, and Carolina Casualty paid Wojtunik the

remaining portion of its limits under the settling defendants' directors and officers

policy in May, 2008.

     In an effort to collect on its $8 million dollar judgment in this action,

Wojtunik has commenced a garnishment proceeding against TIG Insurance

Company of Michigan, which issued the first layer of excess directors and officers

liability insurance to the settling defendants.  The Clerk of the Court issued the

writ of garnishment against TIG on June 6, 2008.

     TIG, together with Lloyd's of London, the second layer excess insurer, filed

a declaratory judgment action in the New Jersey Superior Court in March, 2008 against Wojtunik wherein they sought a declaration that the stipulated judgment between Wojtunik and the settling defendants did not trigger coverage under their excess insurance policies.  In its pending motion, TIG argued that the writ should be quashed because the existence of the New Jersey action makes the debt subject to the writ contingent or, alternatively, that the Court should invoke the <u>Colorado River</u> abstention doctrine and stay the writ pending the conclusion of the New Jersey action.

Notwithstanding the original stated basis for the motion, the current issue before the Court is whether the fact that the New Jersey Superior Court dismissed the state declaratory judgment action without prejudice on August 26, 2008 in effect moots TIG's motion.[1]   In a sur-reply, which TIG filed without seeking the Court's permission, TIG argues in part that this garnishment proceeding should be stayed regardless of the dismissal of the New Jersey action because the underlying debt that it allegedly owes under its directors and officers excess policy is still contingent as it is conditioned on both a finding of coverage under TIG's policy and on the enforceability of the stipulated judgment.  The Court is unpersuaded.

The validity of the writ of garnishment is governed by Arizona law. Fed.R.Civ.P. 69(a).  Under Arizona law, a garnishee is not liable unless at the time the writ of garnishment is served, there is "a clear, ascertainable debt" owed

---

[1]    Although it is not entirely clear from the record, the New Jersey action was apparently dismissed on comity-related procedural grounds.
        While TIG states in its sur-reply that it intended to appeal the dismissal of the New Jersey action, the record does not reflect whether any appeal was in fact timely filed.

- 3 -

by the garnishee to the judgment debtor that is "not contingent on other events." Reeb v. Interchange Resources, Inc. of Phoenix, 106 Ariz. 458, 478 P.2d 82, 83 (1970).   While conceding, as it must, that there are numerous Arizona appellate cases allowing insurance coverage disputes to be litigated through garnishment proceedings, TIG, relying on Falcon v. Beverly Hills Mortgage Corp., 815 P.2d 896 (Ariz.1991), nevertheless argues that a garnishment proceeding is inappropriate where the issue of underlying liability was resolved by the entry of judgment entered pursuant to an agreement between the parties.  In Falcon, the Arizona Supreme Court upheld the quashing of writ of garnishments against two insurance companies because the plaintiffs, who had obtained a judgment against the insurers' insured, had failed to establish that the liability stemming for the judgment against the insured was the insurance companies' responsibility - the court found that there was no insurance coverage because the insured had failed to adequately defend the underlying action with due diligence and reasonable prudence.  As the plaintiff argues, the Falcon case does not render this garnishment action procedurally improper inasmuch as the insurance coverage issue there was in fact litigated through the garnishment process, *i.e.,* the trial court's decision to quash the writs of garnishment was not made until after a garnishment hearing was held in which evidence was taken concerning the tender of defense and expert testimony was taken concerning coverage issues.  While TIG may ultimately be found not to be responsible for paying the plaintiff's judgment, thus leading to the quashing of the writ of garnishment, the various issues related to TIG's liability for that judgment may appropriately be litigated in this garnishment proceeding. *See e.g.*, Parking Concepts, Inc. v. Tenny, 83 P.3d 19 (Ariz.2004) (In a case involving a garnishment proceeding

- 4 -

against an insurer arising from a stipulated judgment entered into by the insured as a result of a <u>Morris</u> agreement, the Arizona Supreme Court remanded case to the trial court for further garnishment proceedings related to a determination of the reasonableness of the stipulated judgment.)

TIG further argues in its sur-reply that its alternative <u>Colorado River</u> abstention argument is also still viable notwithstanding the dismissal of the New Jersey action.  The Court is again unpersuaded, even assuming that the issue of the propriety of the procedural dismissal of the New Jersey action is in fact currently on appeal. Given the virtually unflagging obligation of a federal court to exercise the jurisdiction given it, the general rule is that the pendency of an action in state court is not a bar to the maintenance of the same matter in a federal court having jurisdiction.  <u>Colorado River Conservation District v. United States</u>, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246 (1976).  Under the <u>Colorado River</u> doctrine, a district court may abstain from exercising its jurisdiction when there are parallel state and federal proceedings only in "exceptional" circumstances, and such circumstances are "exceedingly rare."  <u>Smith v. Central Arizona Water Conservation District</u>, 418 F.3d 1028, 1033 (9th Cir.2005).  The Court concludes that it need not discuss every factor relevant to a determination as to whether a <u>Colorado River</u> stay of this action is appropriate at this time because, given the current record, the Court simply cannot be fully confident that the New Jersey action will adequately address the issues presented in this garnishment proceeding. *See* <u>Moses H. Cone Memorial Hospital v. Mercury Construction Corp.</u>, 460 U.S. 1, 28, 103 S.Ct. 927, 943 (1983) (District court must not enter a stay of litigation pursuant to the <u>Colorado River</u> doctrine if it has "any substantial doubt" as to whether the parallel state court litigation will be "an adequate vehicle

- 5 -

for the complete and prompt resolution of the issues between the parties."); *accord*, <u>Smith</u>, 418 F.3d at 1033 (same).

Also pending before the Court are Plaintiff-Judgment Creditor's Motion for Partial Summary Judgment (doc. #169), and TIG's Emergency Motion to Stay Briefing or, in the Alternative, Application for Relief Under Rule 56(f) (doc. #177) and Amended Rule 56(f) Application (doc. #183).   While the Court understands Wojtunik's belief that an early ruling on the two issues raised in his partial summary judgment motion might streamline the case for pre-hearing purposes, the Court agrees with TIG that Wojtunik's motion, which was filed contempor-aneously with Wojtunik's response to TIG's motion to vacate the writ of garnishment, should not have been filed before the Court ruled on the motion to vacate the writ.  Due to considerations of judicial economy, and in light of the already overly piecemeal approach these various inter-related actions have taken to date, the Court sees no purpose in having more than one round of dispositive motions in this garnishment proceeding, with such motions being filed after an appropriate period for necessary discovery.  To that end, the Court will deny Wojtunik's partial summary judgment motion without prejudice to the issues raised therein being re-raised, if then appropriate, in subsequent and complete dispositive motion.[2]  The Court will also deny TIG's briefing-related motions as moot.

Therefore,

IT IS ORDERED that TIG Insurance Company's Motion to Quash, or in the Alternative, Stay, Wojtunik's Writ of Garnishment (doc. #161) is denied.

---

[2] The Court will issue a separate scheduling-related order.

1   IT IS FURTHER ORDERED that Plaintiff-Judgment Creditor's Motion for

2   Partial Summary Judgment (doc. #169) is denied without prejudice.

3   IT IS FURTHER ORDERED that TIG Insurance Company's Emergency

4   Motion to Stay Briefing or, in the Alternative, Application for Relief Under Rule

5   56(f) (doc. #177) and Amended Rule 56(f) Application (doc. #183) are denied as

6   moot.

7   DATED this 26th day of March, 2009.

Paul G. Rosenblatt
United States District Judge

- 7 -