**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Henry J. Wojtunik, | |
|     Plaintiff/Judgment Creditor, | No. CV-03-02161-PHX-PGR |
| vs. | |
| Joseph P. Kealy, et al., | ORDER |
|     Defendants/Judgment Debtors, | |
| and | |
| TIG Insurance Company of Michigan, | |
|     Garnishee. | |

Pending before the Court is TIG's Motion for Clarification of Order Re: Burden of Proof (Doc. 333), wherein garnishee TIG Insurance Company of Michigan argues that plaintiff Henry Wojtunik should bear the burden at the bench trial of the remaining matters in this action of proving that TIG breached a duty to the defendant Insureds that justified their entry into the Damron/Morris agreement with Wojtunik. This issue arises because TIG contends that there is no insurance coverage for the amount of the stipulated judgment because the Insureds breached the cooperation clause in their policy by settling without TIG's approval.

Even assuming that TIG's motion should not be denied as an unduly delayed motion for reconsideration, as Wojtunik argues, the Court agrees with Wojtunik that the motion should be denied because TIG has failed to establish that any clarification regarding the burden of proof is necessary. TIG concedes that the Court, in its opinion entered on March 31, 2011, correctly stated that under Arizona law TIG bears the burden of proving its defense premised on a breach of the cooperation clause. *See* Carpenter v. Superior Court, 422 P.2d 129, 132 (Ariz.1966) ("The insurer has the burden of proving the insured's breach of the non-cooperation clause in order to defend successfully on that ground.") That burden requires not only that TIG prove that the cooperation clause was breached, but also that the breach substantially prejudiced it. Holt v. Utica Mutual Ins. Co., 759 P.2d 623, 630 (Ariz.1988) ("Even if an insured breaches a cooperation clause, the insurer may not use that fact as a defense unless the breach has caused substantial prejudice. ... It is the insurer's burden to show actual prejudice before it can avoid liability under the insurance policy.")

While the Court understands TIG's concern that it is in effect having to prove a negative, *i.e.*, that it did not breach a duty to the Insureds sufficient to permit the Insureds to enter into a settlement agreement with Wojuntik, the Court agrees with Wojtunik that the cases cited by TIG do not actually support its position that the burden in a breach of cooperation clause defense in a Damron/Morris situation is initially on the insured. TIG's position is unpersuasive because an insured's mere entry into a Damron/Morris agreement does not by itself amount to a breach of a cooperation clause, United States Automobile Ass'n v. Morris, 741 P.2d 246, 254 (Ariz.1987), and such a stipulated judgment may be entered into under the appropriate circumstances prior to the insurer breaching any of its policy obligations

to its insured. Associated Aviation Underwriters v. Wood, 98 P.3d 572, 616 (Ariz.App.2004) (In rejecting the insurer's contention in a coverage action that the assignment of rights in the Morris agreement that terminated the underlying tort action was invalid because at the time the assignment of rights was made the insurer had not breached the insurance contract, the court, relying on Morris, stated: "But [the insurer] provides no authority for the proposition that an insurer must breach an insurance contract in order for an assignment of rights under that contract by an insured to an injured claimant to be valid.")  The Court concludes that the initial burden of proof in TIG's cooperation clause defense properly remains with TIG.[1]

Also pending before the Court is TIG's Motion to Re-Open Discovery (Doc. 334). Having reviewed the parties' arguments and the relevant record, the Court will permit discovery to be re-opened on a limited basis for a limited time period.  While the Court appreciates that the garnishment portion of this action has been litigated for an extended time, the Court believes that TIG has at least minimally shown that some additional discovery would be beneficial to the Court in resolving the remaining issues in light of the Court's summary judgment rulings.  To that end, the Court will grant TIG's motion to the extent that it will permit TIG to disclose Geoffrey Heineman as a witness who will testify at the bench trial regarding the Insureds' potential breach of the cooperation clause, and to depose Wojtunik, Terry Beiriger, Stanley

---

[1] To the extent that there is some unresolved abstract question about shifting burdens of proof applicable to TIG's cooperation clause defense, the Court concludes it need not resolve it now because the decisive issue regarding whether the Insureds breached the cooperation clause will be decided by the evidence presented during the bench trial, irrespective of which party presents it to the Court.

Feldman, and Colleen Reilly.[2] This additional discovery, and any other additional discovery that the parties agree may be taken, must all be completed by January 31, 2013. To accomplish that, the Court expects the parties to extend the utmost cooperation to each other and to the deponents so as to minimize any potential discovery-related conflicts.

Therefore,

IT IS ORDERED that TIG's Motion for Clarification of Order re: Burden of Proof (Doc. 333) is denied.

IT IS FURTHER ORDERED that TIG's Motion to Re-Open Discovery (Doc. 334) is granted as follows:

(1) TIG may disclose Geoffrey Heineman as a witness;

(2) TIG may depose Henry Wojtunik, Terry Beiriger, Stanley Feldman, and Colleen Reilly;

(3) TIG may take any additional discovery that the parties agree may be taken;

(4) All additional discovery must be completed no later than **January 31, 2013**;

(5) The parties, within ten business days of the completion of all additional discovery, shall notify the Court through a joint statement that discovery has been completed and that the Court may enter a scheduling order related to the bench trial of this action.

DATED this 28th day of September, 2012.

Paul G. Rosenblatt
United States District Judge

---

[2] The Court notes that Wojtunik has not stated that he needs any additional discovery. If he does wish to take some additional limited discovery in light of the granting of TIG's motion, he may do so during the same extended discovery period.